UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
                                                                   :
  ALLISON NAVAR, et al.                                            :
                                                                   :
                                    Plaintiff(s),                  :    18  Civ. 10476  (LGS)
                                                                   :
              -v-                                                  :
                                                                   :    CIVIL CASE
                                                                   :    MANAGEMENT PLAN
  Walsh Construction Company II, LLC,   Defendant(s).              :    AND SCHEDULING
       et al.                                                      :    ORDER
                                                                   :
-------------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

   This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent  X  ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have  X  / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713. [Yes _____ / No  X  ]

   b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? http://www.nysd.uscourts.gov/docs/mediation/Local%20Civil%20Rule%2083.10.Final.pdf . [Yes _____ / No  X  ]

   c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf and http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1491 [Yes _____ / No  X  ]

      d.      A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?
http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1492 [Yes _____ / No_X_____ ]

4.      Alternative Dispute Resolution/Settlement

      a.      Settlement discussions [have __X__ / have not _____] taken place.

      b.      Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

      c.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
N/A - Parties attempted mediation unsuccessfully in fall 2018.

      d.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
N/A

      e.      **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.      No additional parties may be joined after <u>Plaintffs' motion for conditional collective certification is resolved</u> without leave of Court.

6.      Amended pleadings may be filed without leave of Court until 14 days after <u>Plaintiffs' motion for collective certification is resolved.</u>

7.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ___14_____ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery *

   a. All fact discovery shall be completed no later than 9/12/19 .
      *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by 1/7/19 .

   c. Responsive documents shall be produced by 2/7/19 .
      Do the parties anticipate e-discovery?   [Yes X  / No ____ ]

   d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by 1/7/19 .

   e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by 5/24/19 .

   f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by 8/1/19 .

   g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

   a. Anticipated types of experts if any:
      Defendants anticipate the potential need for expert statistical discovery on pay equity issues. Plaintiffs may choose to identify a statistical expert. Should Plaintiffs do so, Defendants will have 30 days to identify any responsive experts.

   b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than 11/29/19 .
      *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

   c. If you have identified types of experts in question 9(a), by 9/28/19 *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

---

* Note: this is a class/collective action under the Equal Pay Act. The parties anticipate that the Plaintiffs will file a motion for conditional certification of a collective/class on or before February 28, 2019.  Depending on the class certification, discovery deadlines may need to be adjusted.

3

10. This case [is __X__ / is not _____ ] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is ___2 weeks_____.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:
    Timeline for Motion for Certification/Conditional Certification of Class/Collective Action
    Timeline for Motion to Decertify Class/Collective Action

13. Status Letters and Conferences

    a.  By __3/12/19_____ *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b.  By __9/26/19_____ *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c.  On __11/14/19_____ at __9___ A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i.  A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1.  Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule.  The motion will be discussed at the conference.

        ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.  The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions.  The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: _____
New York, New York

_____
LORNA G. SCHOFIELD
United States District Judge

Counsel for the Parties:

Joseph & Kirschenbaum LLP
   Attorneys for Named Plaintiffs, Proposed EPA Collective Action Plaintiffs, Proposed NY EPA Class, and proposed NYCHRL Class

Cuti Hecker Wang LLP
   Attorneys for Named Plaintiffs, Proposed EPA Collective Action Plaintiffs, Proposed NY EPA Class, and proposed NYCHRL Class

Kelley Drye & Warren LLP
   Attorneys for Defendant Walsh Construction Company II,

Littler Mendelson PC
   Attorneys for Defendants Skanska USA Civil Northeast, Inc. and Skanska USA Building, Inc.