**Littler Mendelson, P.C.**
One Newark Center
8th Floor
Newark, NJ 07102

Amber M. Spataro
973.848.4745 direct
973.848.4700 main
973.643.5626 fax
aspataro@littler.com

January 16, 2019

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Navar*, et al. *v. Walsh Construction Company II, LLC*, et al.
 <u>Civil Action No.: 1:18-cv-10476-LGS</u>

Dear Judge Schofield:

This firm represents Defendants Skanska USA Civil Northeast, Inc. ("Skanska Civil") and Skanska USA Building, Inc. ("Skanska Building") (collectively "Skanska"). Skanska submits this pre-motion letter pursuant to the Court's order of January 10, 2019, and Individual rules III.A.1-III.C.2, to Move to Dismiss the Class Allegations as insufficient under the *Iqbal/Twombly* standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Skanska also seeks to Move to Dismiss the allegations of Plaintiff Allison Navar from the Complaint as to Skanska, as Navar never had an employment relationship with Skanska.

Plaintiffs filed their Complaint in this matter on November 12, 2018. Navar is a former employee of Defendant Walsh Construction Company II, LLC ("Walsh") and Robertson is a former employee of Skanska Building. In or about June 2015, Walsh and Skanska entered into a joint venture construction project to renovate LaGuardia Airport (the "LGA Project"). In an unusual turn of events, this case has more defendants than plaintiffs. Neither Plaintiff was ever employed by Skanska Civil or the LGA Project itself and notably neither Plaintiff even makes such an allegation in their Complaint. *See* Complaint, *passim.*

Rather, in the Complaint, Plaintiffs seem to be claiming that Skanska Building and Walsh are somehow joint employers and paid Plaintiffs and other women on the LGA Project less than their male counterparts. Plaintiffs purport to bring this action on behalf of three different classes alleging: 1) violations of the federal Equal Pay Act ("EPA"); 2) violations of the New York State Equal Pay Act ("NYEPA"); and 3) violations of the New York City Human Rights Law ("NYCHRL").[1] However, even as pled, the class claims and Navar's claims against Skanska all fail.

### Plaintiffs' Collective and Class Action Claims Fail To State A Cause of Action.

Plaintiffs' Complaint fails because it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

---

[1] New York and Federal EPA claims are analyzed under the same standards. *See, e.g.*, *Kent v. Papert Companies, Inc.*, 309 A.D.2d 234, 241 (1st Dep't. 2003).

Hon. Lorna G. Schofield
January 16, 2019
Page 2

550 U.S. at 555). Instead, Plaintiffs rely on a "formulaic recitation of the elements of a cause of action." *Id.*

Plaintiffs allege that the EPA collective includes "all female employees who predominantly performed non-manual labor employed by Skanska Building, Skanska Civil, and/or Walsh ***at the Skanska/Walsh Joint Venture in LGA***." (Compl. ¶ 25, emphasis added.) They then allege that: "Plaintiffs and the EPA Collective Action Plaintiffs (a) are similarly situated; (b) have substantially similar job classifications, functions, titles, and duties; and (c) are subject to Defendants' common policy and practice of gender discrimination…" (Compl. ¶ 25.) Plaintiffs make the same allegations for the NYEPA and NYCHRL Class Members (Compl. ¶¶ 29-36; 41-45.)

However, Plaintiffs fail to plead any ***factual allegations*** showing that there is even a single employee who was "similarly situated" with "substantially similar job classifications, functions, titles, and duties" on the LGA Project (or even in New York State). (*See* Compl., *passim*). Specifically, Plaintiff Robertson fails to allege that there were any other Document Control Managers or Document Control Directors working on the LGA Project at all, let alone any others in the entire State of New York.[2] Plaintiffs cannot simply allege that, "upon information and belief, there are more than forty (40) members of the Class," without making a single factual allegation to support such a belief. (Compl. ¶ 35.) *Iqbal*, 556 U.S. at 678.

Similarly, Plaintiffs have failed to identify even a single "common policy or practice" (Compl. ¶ 25) of Skanska which resulted in these purported gender pay and opportunity disparities. A factual allegation describing the alleged common policy or practice which resulted in the alleged discrimination is a ***required element*** of any Rule 23 class action or any EPA collective. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 353 (2011). It is not enough to boilerplate allege that men are paid more than women as a result of "systemic corporate practices" (Compl. ¶ 36) without a single allegation as to what those alleged practices were. Even at the pleading stage, Plaintiffs' failure to identify such a policy is fatal to Plaintiffs' class action claims.[3] *See id.*

### Plaintiffs' Joint Employer Claims Are Insufficient As To Navar And Fail As Pled.

The Complaint does not state a claim against Skanska Civil by any plaintiff. There are no allegations that anyone employed by Skanska Civil was paid unfairly, or that Skanska Civil and Skanska Building should be treated as the same entity. Thus, the Court should dismiss Skanska Civil.

Additionally, Plaintiffs make only skeletal allegations that Skanska Building had any involvement with Navar's employment. Plaintiffs admit that Walsh employed Navar. (Compl. ¶ 56.) With respect joint employer, Plaintiffs allege only that: (1) Skanska and Walsh had a joint venture agreement (*id.* ¶ 14); (2) some unidentified person at Walsh made a hearsay statement to Navar that "her salary needed to be approved by Skanska" (*id. ¶* 66); (3) some unidentified person(s) from "Skanska/Walsh" allegedly discussed Navar's pay with her and reassigned her to a new position (*id.* ¶¶ 68, 71-72); and (4) Navar vaguely "report[ed] directly to" Skanska Building's Michael Castellon, who was "Project Counsel to the Joint Venture" (*id.* ¶ 73).

---

[2] Presumably, Plaintiffs did not include such allegations because they know them not to be true, and they could not make the allegations without running afoul of Federal Rule of Civil Procedure 11.

[3] Again, Plaintiffs likely did not make such an allegation because it would have violated Rule 11.

Hon. Lorna G. Schofield
January 16, 2019
Page 3

      Plaintiff's allegations are insufficient. In determining whether Skanska would be a joint employer of Navar, courts consider whether Skanska "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records," and five other factors: (5) the "degree of control exercised by the employer over the workers," (6) "the workers' opportunity for profit or loss and their investment in the business," (7) "the degree of skill and independent initiative required to perform the work," (8) "the permanence or duration of the working relationship," and (9) "the extent to which the work is an integral part of the employer's business." *Murphy v. Heartshare Human Servs. of New York*, 254 F. Supp. 3d 392, 396-97 (E.D.N.Y. 2017) (citing *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) and *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058–59 (2d Cir. 1988)).[4]

      Plaintiffs address almost *none* of these factors, and those that are addressed weigh in favor of dismissing Skanska. Plaintiffs do not allege (because they cannot) that Castellon or anyone at Skanska had the ability to hire or fire Navar. There are no allegations that Skanska maintained Walsh's employment records or exercised control over Walsh's employees. There are no allegations that Walsh and Skanska had any joint policies regarding the pay of employees, and there is no allegation that the work Navar was doing was integral to Skanska's construction business.[5] Plaintiffs own allegations admit that Navar only "reported" to Castellon from January to May 2018 and that the type of work she was doing on the project unsurprisingly involved reports to legal counsel of the Project. (*Id.* ¶¶ 58, 72-73, 77.) (Navar alleges and admits that her job duties "were to manage, maintain and organize incoming and outgoing correspondence to maintain a proper evidentiary record and to research and layout entitlement positions related to project claims."). Even if true, an employee who provide reports to legal counsel on a joint project does not make legal counsel's employer that employee's "employer" as well.[6]

      Skanska proposes the following briefing schedule for a motion to dismiss the class claims: initial motions filed by February 6, 2019; responses by February 19, 2019; replies by March 1, 2019. Skanska proposes the following briefing schedule for a motion to dismiss Navar: initial motions filed by March 15, 2019; responses by March 29, 2019; replies by April 10, 2019. Thank you in advance for Your Honor's courtesies in this matter.

      Respectfully submitted,

      */s/ Amber M. Spataro*

      Amber M. Spataro

---

[4] This case requires the so-called "vertical" joint employment test. The "horizontal" joint employment test is plainly inapplicable, as that only applies "two (or more) employers each separately employ an employee and are sufficiently associated with or related to each other with respect to the employee." *Murphy*, 254 F. Supp. 3d at 397.

[5] Again, Plaintiffs likely did not make such an allegation because it would have violated Rule 11.

[6] Plaintiffs' vague allegations that some unidentified Walsh employee told her that Skanska had to approve her pay is inadmissible hearsay, *see* Fed. R. Evid. 801, and in any event, Skanska is not bound by Walsh's alleged statements. Similarly, Plaintiffs' allegations that someone at "Skanska/Walsh" discussed her pay and gave her a job reassignment are too vague to support her claims. *See, e.g.*, *Iqbal*, 556 U.S. at 678. Plaintiffs' allegations alone demonstrate that Skanska was not Navar's joint employer.