```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ALLISON NAVAR, et al.,                                       :
                                    Plaintiffs,              :
                                                             :     18 Civ. 10476 (LGS)
                -against-                                    :
                                                             :          **ORDER**
WALSH CONSTRUCTION COMPANY II,                               :
LLC, et al.,                                                 :
                                    Defendants.              :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs bring this action against Defendants Skanska USA Civil Northeast, Inc., Skanska USA Building, Inc. (together, "Skanska") and Walsh Construction Company II, LLC ("Walsh"), alleging violations of the Equal Pay Act, 29 U.S.C. § 206 *et seq.*, the New York State Equal Pay Act, N.Y. LAB. LAW §§ 194, 198, and the New York City Human Rights Law, N.Y.C. ADMIN. CODE § 8-101 *et seq.*;

WHEREAS, the Complaint alleges that Defendants, operating as a joint venture (the "Joint Venture"), have engaged in discrimination against female employees through "(a) disparate treatment; (b) discriminatory policies, practices, and procedures in selection, pay, promotion, and advancement; and (c) retaliation."

WHEREAS, pursuant to Federal Rule of Civil Procedure 21, Defendants move to sever the claims asserted against Skanska and Walsh (Dkt. No. 47);

WHEREAS, Federal Rule of Civil Procedure 21 provides that a district court may "sever any claim against a party." Fed. R. Civ. P. 21. "Although the Second Circuit 'has not set forth specific criteria governing severance, courts in this District generally employ the following factors on a motion to sever: (1) whether the claims arise out of the same transaction or

occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.'" *Laser Kitten, LLC v. Marc Jacobs Int'l, LLC*, No. 17 Civ. 8613, 2019 WL 1147599, at *1 (S.D.N.Y. Mar. 13, 2019) (quoting *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)). The moving party bears the burden of establishing that severance is warranted. *See Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 25 (S.D.N.Y. 2016). "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." *State of N.Y. v. Hendrickson Bros.*, 840 F.2d 1065, 1082 (2d Cir. 1988); *accord In re Eliquis (Apixaban) Prod. Liab. Litig.*, No. 17 Md. 2754, 2018 WL 2994392, at *2 (S.D.N.Y. June 14, 2018). It is hereby

**ORDERED** that the motion to sever is **DENIED**. First, the claims against Skanska and Walsh "arise out of the same transaction or occurrence." *Laser Kitten*, 2019 WL 1147599, at *1. The Complaint alleges that Defendants, acting as a joint venture, maintained "discriminatory policies, practices, and procedures in selection, pay, promotion, and advancement." "Even where there are factual differences in plaintiffs' respective claims . . . courts will still deny severance where plaintiffs allege that defendant[s'] wrongdoing occurred as part of a policy or practice." *Id.* at *2.

Second, the claims against Skanska and Walsh "present some common questions of law or fact." *Id.* at *1. These questions include (1) the existence and extent of Joint Venture-wide discriminatory policies and practices and (2) whether Defendants operate as a joint employer.

Third, severance would not advance "settlement of the claims or judicial economy." *Id.* Plaintiffs contend that they have been subjected to "systemic, Joint Venture-wide employment

practices" on account of their gender. Judicial economy would not be served by maintaining two separate actions, with separate motion practice and separate trials, all relating to the same alleged practices. *See id.* at *3. Moreover, severance would not necessarily advance settlement given Plaintiffs' contention that Defendants operate as joint employers, which, if proven, would entitle Plaintiffs to recover from all Defendants jointly and severally. *See Barfield v. N.Y.C. Health & Hospitals Corp.*, 537 F.3d 132, 141, 150 (2d Cir. 2008); *see also Division 1181 A.T.U. – N.Y. Employees Pension Fund By Cordiello v. City of N.Y. Dep't of Educ.*, 910 F.3d 608, 619 (2d Cir. 2018).

Fourth, Defendants have not established that "prejudice would be avoided if severance were granted." *Laser Kitten*, 2019 WL 1147599, at *1. Defendants assert that "[a]llowing a jury to hear evidence regarding both employers would make them more likely to find in favor of both Plaintiffs even if the unrelated evidence only supported one." But "[i]n these initial stages, the Court is responsible for deciding relevant legal and factual questions, and prejudice is not yet a germane concern." *Lyons v. Litton Loan Servicing LP*, No. 13 Civ. 513, 2014 WL 5039458, at *5 (S.D.N.Y. Sept. 29, 2014); *accord Laser Kitten*, 2019 WL 1147599, at *3.

Fifth, severance is not warranted based on the necessity of "different witnesses and documentary proof . . . for the separate claims." *Laser Kitten*, 2019 WL 1147599, at *1. "While nearly every trial involving multiple [parties] will involve some separate issues of fact that call for testimony from different witnesses on entirely unrelated matters, the more appropriate question . . . is whether separate trials will require substantial overlap of witnesses or documentary proof." *Id.* at *3. Given the likelihood of common witnesses and documentary proof relating to the questions of (1) the existence and extent of Joint Venture-wide

discriminatory policies and practices and (2) whether Defendants operate as a joint employer, this factor strongly militates against severance.

Finally, Defendants contend that severance is warranted because Skanska and Walsh do not operate as joint employers. Whether Defendants are joint employers is a question for the jury, *see Zheng v. Liberty Apparel Co.*, 617 F.3d 182, 185 (2d Cir. 2010); *accord Nazario v. Promed Personnel Servs. NY Inc.*, No. 15 Civ. 6989, 2017 WL 2664202, at *8 (S.D.N.Y. June 19, 2017), or for the court on summary judgment when, based on the evidence, a reasonable jury could reach only one conclusion. Neither party has filed a motion for partial summary judgment. To the extent that Defendants seek a summary judgment ruling, their request is denied without prejudice to renewal after the close of discovery. Upon review of the parties' submissions, further factual development is necessary, especially regarding the Complaint's allegations of Joint Venture-wide policies and practices relating to "selection, pay, promotion, and advancement." The existence and extent of such policies and practices plainly bears on whether Defendants operate as joint employers. *See Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (factors include, *inter alia*, whether an alleged joint employer determined rate and method of payment and controlled conditions of employment); *accord Sarikaputar v. Veratip Corp.*, 371 F. Supp. 3d 101, 104 (S.D.N.Y. 2019).

The Clerk of Court is respectfully directed to close the motion at Docket No. 47.

Dated: August 13, 2019
      New York, New York

                                    LORNA G. SCHOFIELD
                                 UNITED STATES DISTRICT JUDGE