```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
  ALLISON NAVAR, et al.,                                     :
                                                             :
                                      Plaintiffs,            :    18 Civ. 10476 (LGS)
                                                             :
                   -against-                                 :         **ORDER**
                                                             :
  WALSH CONSTRUCTION COMPANY II,                             :
  LLC, et al.,                                               :
                                                             :
                                      Defendants.            :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 21, 2020, the parties filed a joint letter with the Court, explaining the remaining disputes regarding the notice to be issued to the potential members of the conditionally certified collective (Dkt. No. 111);

WHEREAS, Plaintiffs propose to send each potential member of the collective: (1) an email with the notice and consent to join form attached; and (2) a text message that references the email, provides the contact information of Plaintiffs' counsel, and contains a link to a website containing the full notice for review and download;

WHERAS, Plaintiffs further contend that individuals should be able to join the collective by returning the consents to join to Plaintiffs' counsel via U.S. Mail, fax, or email;

WHEREAS, Defendants do not oppose notice distribution via email to the potential members for whom Defendants have personal email addresses, but Defendants oppose notice distribution via text message or work email addresses, and instead propose distribution by U.S. Mail to those potential members for whom Defendants do not have personal email addresses. Defendants also contend that individuals should only be able to join the collective by returning consents to join via U.S. Mail, and not through fax or email;

WHEREAS, the parties are otherwise in agreement as to the contents of the notice;

1

WHEREAS, under the FLSA, district courts have the power to order that notice be given to potential members of a collective. *See Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 335–36 (2d Cir. 1978); *accord Millin v. Brooklyn Born Chocolate, LLC*, No. 19 Civ. 3346, 2020 WL 2198125, at *3 (E.D.N.Y. May 6, 2020). A district court "exercises significant discretion in determining the scope and content of such notice." *Robreno v. Eataly Am., Inc.*, No. 17 Civ. 9361, 2018 WL 3105071, at *3 (S.D.N.Y. June 25, 2018). "The benefits afforded by a collective action depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* (quotation marks omitted). "When exercising discretion to craft notices in collective action cases, courts in this District consider the overarching policies of the notice provisions of Section 216(b), such as achieving judicial efficiency and lowering individual costs for plaintiffs." *Zhongle Chen v. Kicho Corp.*, No. 18 Civ. 7413, 2020 WL 1900582, at *9 (S.D.N.Y. Apr. 17, 2020);

WHEREAS, Defendants argue that notification by text message is inappropriate without a high turnover rate of employees due to privacy concerns. But, as one court recently observed,

> [t]he objection to the scope of information sought about potential opt-ins, e.g., email addresses, telephone numbers, etc., and the method of dissemination of the notice, e.g., email and text message, is quite outdated and not in touch with the reality of current life in the United States of America. There is no credible reason why notice should not be provided by email or text message, especially given the broad remedial purpose of the FLSA.

*Millin v. Brooklyn Born Chocolate, LLC*, No. 19 Civ. 3346, 2020 WL 2198125, at *3 (E.D.N.Y. May 6, 2020); *see also Portilla v. Bridgehampton Stone, Inc.*, No. Civ. 172549, 2019 WL 1128364, at *10 (E.D.N.Y. Mar. 12, 2019) ("Practical requests with respect to disseminating notice and reminders, such as dissemination via email and text messages, further the purpose of notice of a collective action under the FLSA."). In any event, Defendants also do not dispute that there exists a turnover rate of just short of forty percent among potential members of the collective and this, in combination with the uncertainties of the COVID-19 pandemic which have

2

led some to leave New York City, "sufficiently demonstrate[s] that turnover and relocation by potential members of the collective [may] render mailed notice ineffective." *Turban v. Bar Giocosa Corp.*, No. 19 Civ. 1138, 2019 WL 3817338, at *1 (S.D.N.Y. Aug. 14, 2019);

WHEREAS, Defendants compare dissemination by work email to dissemination to workplace postings but, even accepting that comparison as accurate, courts regularly approve posting notices in the workplace. *See, e.g., Zhongle Chen*, 2020 WL 1900582, at *11 (observing that "[o]ther courts have approved requests for posting notices in the workplace, and the undersigned agrees with its sister courts that '[p]osting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in'" and collecting cases); *Djurdjevich v. Flat Rater Movers, Ltd.*, No. 17 Civ. 261, 2019 WL 125888, at *3 (S.D.N.Y. Jan. 7, 2019) ("[C]ourts routinely approve the posting of notice on employee bulletin boards and in common employee spaces."); *see also Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 285 (S.D.N.Y. 2019) (approving request to deliver notice by work email for current employees). Defendants' citation to *Knox v. John Varvatos Enterprises Inc.* is inapposite; there the court disallowed posting in a workplace due to "potential disruption," 282 F. Supp. 3d 644, 668 (S.D.N.Y. 2017), but emails sent to individuals via work email are no more likely to be disruptive than any other type of notice;

WHEREAS, Defendants object to the return of consents to join via email because "Plaintiffs have not made any showing that returning the consents to join via mail will be ineffective for any reason," but there is no reason to limit how opt-in plaintiffs can return their consents when email or fax may be less burdensome. It is hereby

ORDERED that the notices and distribution methods proposed by Plaintiffs are approved. The parties shall comply with the deadlines identified in this Court's Order at Dkt. No. 110 with respect to Defendants' production of contact information, dissemination of the notices and the opt-in period.

Dated: May 28, 2020
      New York, New York

                                            **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**