JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

The Skanska Defendants shall file a letter response by July 8, 2020.

So Ordered.

Dated: July 2, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *Navar v. Walsh Construction Company II, LLC, et al.*
Index No.: 18-cv-10476

Dear Judge Schofield:

We represent Plaintiffs Allison Navar and Camille Robertson in the above-referenced action. We write to respectfully request a pre-motion discovery conference pursuant to Local Rule 37.2 and Section III.C.3 of this Court's Individual Rules and Procedures. Specifically, Plaintiffs request that the Court order Defendants Skanska USA Civil Northeast, Inc. and Skanska USA Building, Inc. (the "Skanska Defendants") to produce a complete list of potential members of the Equal Pay Act collective certified by this Court on May 7, 2020. (ECF No. 107.)

In its May 7 Order, this Court certified an EPA collective consisting of "all female employees of any Defendant who: (1) have been assigned to work at the Joint Venture among Defendants for a redevelopment project at Laguardia Airport ('JV'), at any time three years prior to the [NOTICE DATE] and (2) worked on any of five site-wide 'coordination' groups at the JV (a) Environmental, Health & Safety, (b) Quality, (c) Design/Build Management, (d) Commercial Management, or (e) Financial (which contains the sub-groups of Project Controls, Business Management, Project Accounting & Finance)." (ECF No. 107.) By order entered on May 15, 2020, the Court (1) ordered all Defendants to provide Plaintiffs with contact information for all potential members of the collective by June 15 and (2) directed Plaintiffs to disseminate the collective notice by July 15. (ECF No. 110.)

On June 15, the Skanska Defendants provided a spreadsheet containing contact information for some 44 female employees who, the Skanska Defendants represented, were assigned to work at the JV in the specified "coordination" groups during notice period (*i.e.*, from July 15, 2017 to July 15, 2020).[1] Plaintiffs' counsel compared this spreadsheet to the lists of names and salary data that the Skanska Defendants had previously produced in connection with Plaintiffs' motion for conditional collective certification. (*See* ECF No. 88-2 (spreadsheets produced by Skanska Defendants with salary data of employees in the "coordination" groups in November 2016, March

---

[1] On June 15, 2020, Defendant Walsh Construction Company II, LLC also provided a separate spreadsheet containing the contact information of its potential collective members. Plaintiffs do not take issue with the list provided by Defendant Walsh.

2017, October 2017, and September 2018).) Plaintiffs' counsel discovered that there were female employees whose names appeared on the Skanska Defendants' salary data lists for October 2017 and September 2018 (both within the notice period) but did not appear on the Skanska Defendants' list of potential collective members. Specifically, Plaintiffs identified four such individuals: Jasmine Tucker, Naiesha Williams, Brandi Murphy, and Samiha Shakil.

When asked about this issue, counsel for the Skanska Defendants explained that if there were names that had not been included on the Skanska Defendants' list of potential collective members, it was because it had been determined that such individuals were not employed by either Skanska Defendant. Specifically, Skanska's counsel explained that it was possible that such individuals were "independent contractors" or had been "hired through a temp agency." On June 19, Plaintiffs' counsel requested that the Skanska Defendants update their list of potential collective members to include all females who had been included on the salary data lists the Skanska Defendants produced in discovery, contending that any challenge to an individual's "employee" status under the EPA should be raised when and if that individual joined the lawsuit. To date, Plaintiffs' counsel has not received a response from the Skanska Defendants, despite sending a follow-up email on June 24.

The Skanska Defendants should be ordered to produce a complete list of potential collective members, including individuals assigned to the specified "coordination" groups during the notice period who the Skanska Defendants classified as independent contractors or who were hired through temporary employment agencies. Whether an individual is an "employee" under the EPA is a mixed question of law and fact that is to be determined by the "economic realities" of the relationship between the parties. *See, e.g.*, *Downes v. JP Morgan Chase & Co.*, No. 03-cv-8991 (GEL)(MHD), 2006 U.S. Dist. LEXIS 13582, at *49 (S.D.N.Y. Mar. 23. 2006) (noting that the EPA uses the Fair Labor Standards Act's test for employment status). This is a fact-specific inquiry that examines all the details of the actual working relationship. *See, e.g.*, *id.* at *50. Under this inquiry, it may well be the case that individuals the Skanska Defendants hired through temporary employment agencies or classified as independent contractors are, in fact, "employees" under EPA. *See id.* at *51-69 (concluding that triable issues of fact existed as to whether a "consultant" paid by a third party and assigned to work at defendant's bank was an "employee" of defendant under the EPA).

Ultimately, the question of whether an individual is an "employee" covered by the EPA is a merits issue that is not to be decided at the collective certification stage. *See, e.g.*, *Martin v. Sprint Mgmt. Co.*, No. 15-cv-5237 (PAE), 2016 U.S. Dist. LEXIS 352, at *46 & n. 29 (S.D.N.Y. Jan. 4, 2016) (citing cases and observing that courts "routinely" grant conditional certification "in cases that involve claims by the defendant that an independent contractor . . . exemption appl[ies]"). The proper time for the Skanska Defendants to raise the argument that they did not "employ" an individual within the meaning of the EPA, therefore, is *after* such an individual joins this lawsuit. Moreover, the Skanska Defendants should not be permitted to unilaterally withhold contact information for those individuals whose salary data they produced in discovery, especially when Plaintiffs relied on that data to obtain conditional collective certification. (*See* ECF No. 88-2.)

For all of the above reasons, the Skanska Defendants should be directed to provide contact information for all females they assigned to the five specified "coordination" groups at the JV

during the notice period, including those who (a) were classified as independent contractors, (b) were hired through temporary employment agencies, or (c) appear on the lists of salary data lists for the time periods of October 2017 or September 2018 that the Skanska Defendants produced in discovery.

Finally, in accordance with Fed. R. Civ. P. 37(a)(5)(A), the Court should order the Skanska Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in connection with this dispute.

We thank the Court for its attention to this matter.

Respectfully submitted,

 /s/Lucas C. Buzzard
Lucas C. Buzzard