**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

By July 23, 2020, Plaintiffs' counsel shall complete dissemination of notice to potential collective members. The opt-in period shall end September 22, 2020.

The parties' request for an extension to fact discovery is GRANTED IN PART. An amended case management plan and scheduling order will issue separately. The parties are advised that the Court will set the schedule for the briefing of any dispositive motion(s), pursuant to the Case Management Plan and Scheduling Order, Section 13(c)(i)-(ii).

So Ordered.

Dated: July 16, 2020
  New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

*Re: Navar v. Walsh Construction Company II, LLC, et al.*
Index No.: 18-cv-10476

Your Honor:

In accordance with the Court's May 15, 2020 Order in the action referenced above and Individual Rule IV.A.2, counsel for Plaintiffs, Walsh Construction Company II, LLC ("Defendant Walsh Construction"), Skanska USA Civil Northeast, Inc. and Skanska USA Building, Inc. (the "Skanska Defendants") (collectively, the "Parties") jointly submit this letter on the status of the action.

**Procedural History**

Plaintiffs filed a Complaint on November 12, 2018. The Skanska Defendants filed an Answer on February 7, 2019. Defendant Walsh Construction filed an Answer on September 3, 2019.

On April 1, 2019, the Skanska Defendants and Defendant Walsh Construction jointly filed a motion to sever on the grounds that Defendant Walsh Construction and the Skanska Defendants were not joint employers, as alleged in the Complaint. The Court denied that motion on August 13, 2019 (Dkt. 62) but ruled that, to the extent Defendants were seeking a summary judgment ruling, they could renew their request after the close of discovery. Defendants reserve their respective rights to seek a ruling on summary judgment and to decertify the conditionally-certified class following the conclusion of merits discovery (see below).

On January 24, 2020, Plaintiffs filed a motion to conditionally certify a collective, which the Court granted on May 7, 2020.

**Discovery History**

The Parties conducted discovery on the issue of whether Defendant Walsh Construction and the Skanska Defendants are joint employers between January and March 2019. Discovery regarding class and collective certification was conducted and concluded between May 2019 and

January 2020. This Court conditionally certified the proposed collective on May 7, 2020 (Dkt. 107).

Following its ruling on conditional certification, the Court ordered Defendants to provide Plaintiffs the contact information for potential collective members by June 15, 2020. Defendant Walsh Construction has provided Plaintiffs the contact information for potential collective members that were or are employed by Defendant Walsh Construction.

The Skanska Defendants likewise produced contact information for their employees. On July 9, 2020, the Court further ordered the Skanska Defendants to provide "names an contact information for women assigned to the specified 'coordination' groups during the notice period who the Skanska Defendants classified as independent contractors or who were hired through temporary employment agencies." The Skanska Defendants provided the additional names they had on July 14, 2020, and are seeking the contact information for those employees through the temporary employment agencies. The Skanska Defendants will provide that contact information or inform Plaintiffs that they are unable to obtain it no later than July 22, 2020. On July 9, 2020, the Court also asked the parties to include their positions regarding Plaintiffs' request for attorneys' fees in connection with their July 1 letter motion. Walsh was not an issue in that letter motion.

The Skanska Defendants' position is that awarding Plaintiffs their attorneys' fees in connection with that motion would not be appropriate because the Skanska Defendants produced all of the contact information required by the Court's May 15, 2020 Order. The Skanska Defendants were substantially justified in declining to produce contact information for people they never employed, as that was not information the Court ordered the Skanska Defendants to produce and, in any event, the Skanska Defendants were not in possession of contact information for temps or independent contractors on the project anyway. In addition, Plaintiffs' counsel did not return the Skanska Defendants' telephone call on June 24, 2020 attempting to resolve the matter in good faith without court action. Had Plaintiffs returned the Skanska Defendants' phone call, the motion could have been avoided. Thus, the Plaintiffs should not recover their attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A).

Plaintiffs' position is that the Skanska Defendants ordinarily would be responsible for attorneys' fees under Rule 37(a)(5)(A) as this was an entirely avoidable discovery dispute that was decided in Plaintiffs' favor. Undersigned Plaintiffs' counsel has checked both his office and his cell phone voicemail systems and has found no record of receiving a call or a voicemail from counsel for the Skanska Defendants on June 24, 2020. Nonetheless, Plaintiffs will accept counsel's word that an attempt was made on that date to resolve this matter without court intervention and will withdraw their request for attorneys' fees.

The Court ordered Plaintiffs' counsel to disseminate notice to potential collective members by July 15, 2020, with the opt-in period to close on September 14, 2020. As of July 15, 2020, notice has been disseminated to all potential members of the collective for which Plaintiffs have received contact information from Defendants. As noted above, however, Plaintiffs are awaiting further contact information from the Skanska Defendants as to certain individuals hired through temporary employment agencies. As a result, Plaintiffs have not yet been able disseminate notice to these missing individuals.

If the Skanska Defendants locate and produce contact information for these missing individuals by July 22, 2020, Plaintiffs can disseminate notice to these individuals the next business day, July 23 (which is eight days after this Court's July 15 deadline to disseminate notice). Plaintiffs thus respectfully request that they be given permission to place an opt-in deadline of September 22, 2020 (eight days after this Court's original opt-in notice deadline) on any notices sent to these missing individuals on July 23. This will ensure that the missing individuals receive the same length of time as all other potential members of the collective to timely return their opt-in forms without disturbing the length of the Court' opt-in period for those potential members of the collective to whom notice has already been sent. .

The current deadlines applicable to merits discovery are as follows:

- August 15, 2020: Last day for parties to inform the Court whether they anticipate conducting expert discovery and, if so, proposing an amended case management plan.

- October 15, 2020: Close of fact discovery.

The Parties have not yet served written discovery related to the potential collective members.

**Plan to Meet Court-Ordered Discovery Deadlines**

No motions are pending at present.

Although all fact discovery is currently ordered to close on October 15, 2020, the Parties believe that deadline is unrealistic given that the opt-in period for class members closes on September 14, 2020. It would be largely impracticable, if not impossible, for the parties to conduct focused and efficient discovery until the identity of the finalized opt-in class is known, meaning that the parties would have only one month to conduct and conclude all discovery relating to the opt-in class if the current October 15 discovery deadline were to remain in place. Accordingly, the Parties respectfully propose the following discovery schedule:

- Opt-in period closes (per Order of the Court):  September 14, 2020

- Parties to serve discovery demands by September 28, 2020

- Responses to demands due by October 28, 2020

- Depositions to conclude by December 12, 2021

- Expert discovery to conclude by January 26, 2021

- Dispositive motions (summary judgment and for decertification of the collective) due by March 26, 2021

We thank the Court for its consideration of this jointly-proposed schedule.

                                                          Respectfully submitted,

                                                        /s/Lucas C. Buzzard
                                                       Lucas C. Buzzard