

**Littler Mendelson, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136

Benjamin D. Sandahl
612.313.7615 direct
612.630.1000 main
612.395.5264 fax
bsandahl@littler.com

October 2, 2020

Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Navar*, et al. *v. Walsh Construction Company II, LLC*, et al., No. 1:18-cv-10476 LGS

Dear Judge Schofield:

Defendants[1] respectfully request a pre-motion conference with the Court to address the issue of decertification of the conditionally certified collective in this matter.  Of the five people who have filed consents to opt in as plaintiffs, three are ineligible to join, and two are not similarly situated to the named Plaintiffs.  Defendants request a conference with the Court for guidance on decertification briefing, as that could avoid costly, unnecessary discovery.[2]  Counsel for all parties have met and conferred repeatedly on these issues and have not been able to resolve their differences.

The opt-in period in this matter closed on September 22, 2020.  Only five individuals (two Walsh employees, two Skanska Building employees and one Skanska Civil employee) have consented to become Opt-In Plaintiffs, none of whom is a proper plaintiff.  Two Opt-Ins signed releases precluding them from joining this action.  One opted in only after Plaintiffs issued a second, improper and unauthorized notice more than a month late.  And even with the discovery to date, the record evidence establishes that the remaining two Opt-In Plaintiffs are not similarly situated to the named Plaintiffs.

### I.   THREE OF THE FIVE OPT-IN PLAINTIFFS ARE INELIGIBLE TO JOIN.

The Court should summarily reject the consents of three of the five purported Opt-In Plaintiffs.

Jill Bramwell (who worked for Walsh) and Samantha Little (of Skanska Building) signed releases precluding them from bringing suit against the Defendants.  As the LaGuardia project has begun to slow, Walsh and Skanska have reduced their respective workforces.  Skanska and Walsh, based on

---

[1] This firm represents Skanska USA Civil Northeast, Inc. ("Skanska Civil") and Skanska USA Building, Inc. ("Skanska Building," and with Skanska Civil, "Skanska").  We write on behalf of Skanska and Defendant Walsh Construction Company II, LLC ("Walsh") pursuant to Section III. A. of the Court's Individual Rules and Procedures.

[2] There is currently an October 15, 2020 deadline for "general fact discovery" and December 11, 2020 for fact discovery related to opt-in plaintiffs.  (ECF No. 121.)  The parties have determined that there is significant overlap in the discovery required for the named and opt-in plaintiffs, and have agreed not to object to discovery taking place after October 15 (but before December 11) solely on the grounds that the discovery does not strictly relate to opt-in plaintiffs.  Defendants notify the Court of this arrangement, as the parties are not seeking to ignore the Court's deadlines, but do not believe all discovery can be completed by October 15, 2020.

Hon. Lorna G. Schofield
October 2, 2020
Page 2

their individual HR practices, have offered employees subject to layoff their respective standard severance packages, which include standard releases of potential claims. Both Bramwell and Little—while well aware of this pending litigation—accepted severance packages with release agreements by their respective employers.

The Court should recognize that Ms. Bramwell and Ms. Little cannot join this suit, as their releases are valid. Both Bramwell and Little were aware of this lawsuit when they released their claims against Defendants; it appears that Ms. Bramwell, in fact, elected to sign both the opt-in consent and her Walsh severance agreement only after having consulted with counsel for Plaintiffs. In addition, both are named in Plaintiffs' complaint, and they and others working at the LaGuardia project received an email regarding the lawsuit shortly after Plaintiffs chose to publicize their case in the media. While courts have sometimes rejected releases where procured by active efforts on the part of an employer to mislead potential opt-ins, the facts here clearly show that, under applicable law, Ms. Bramwell and Ms. Little deliberately, knowingly, and voluntarily waived the claims they could have brought in connection with this lawsuit. *See, e.g.*, *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *6 (S.D.N.Y. Nov. 6, 2015) (validating broad release signed in connection with FLSA settlement because an employee aware of potential claims can "properly value" those claims). Court approval is not necessary for the releases. *See, e.g.*, *Gorczyca v. NVR, Inc.*, No. 13-CV-6315L, 2017 WL 11435971, at *2 (W.D.N.Y. July 13, 2017) (release valid where employee signed release, opted into FLSA action which was decertified, and then tried to revive his own claims in another lawsuit). If, however, the Court decides to evaluate the releases, Defendants request the opportunity to brief the issue before engaging in additional discovery on these individuals.

The Court should also reject the consent of a third Opt-In Plaintiff, Skanska Building employee Carolyn Dorsett, because it was improperly obtained. The Court ordered Plaintiffs to send notices to potential opt-in Plaintiffs by July 23, 2020. (ECF No. 118.) The Court made no provision for second notices, or for notices to be issued after that date, and certainly no such notices were authorized. Plaintiffs did not seek the Court's permission to do so, nor did they notify Defendants that they intended to send out unauthorized, reminder notices. Yet, on August 26, 2020—more than a month after the Court's deadline—Plaintiffs' counsel issued second notices to almost all of the potential opt-in plaintiffs, including Ms. Dorsett. When the parties met and conferred on the issue, Plaintiffs offered no excuse (such as correspondence returned as undeliverable) for issuing the late notices.

What is more, those late notices included language that ""[t]he Court has ordered Notice to you," when in fact the Court's Order requiring notice most decidedly did *not* order or permit a second round of notices. Ms. Dorsett's consent should be stricken, as it was only after the improper second notice was sent that she joined the suit. *See, e.g.*, *Jennings v. Cellco P'ship*, No. 12 Civ. 293 (SRN/TNL), 2012 WL 2568146, at *6 (D. Minn. July 2, 2012) (cited in *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 274 (S.D.N.Y. 2012)) (identifying risks of sending out second notices).

## II.     OPT-IN PLAINTIFFS ARE NOT SIMILARLY SITUATED.

Further, the Court should decertify the collective because the Opt-In Plaintiffs are not similarly situated to the Named Plaintiffs. Though additional discovery could be helpful to show the many

Hon. Lorna G. Schofield
October 2, 2020
Page 3

dissimilarities among Plaintiffs, even the limited discovery that has and which is taking place demonstrates that Defendants are not joint employers. Defendants each make individualized salary decisions for individual employees on a case-by-case basis, without seeking approval from the other Defendants. *E.g.*, Silverman Dep. at 201:24-202:2; Twidwell Dep. at 176:21-177:8. Plaintiffs' recently issued discovery requests underscore the separation among Defendants. Plaintiffs purported to identify comparators they believe were inappropriately paid more than they were. There is ***no*** overlap in the comparators the Plaintiffs employed by Walsh identified with those identified by Plaintiffs employed by Skanska. Plaintiffs were thus not similarly situated with respect to their employers, and Defendants request the opportunity to have the Court ultimately resolve the issue of joint employment.

In addition, the record evidence establishes that the Opt-In Plaintiffs performed different roles than the named Plaintiffs. The Opt-In Plaintiffs had different job titles and job duties from the named Plaintiffs; they reported to different supervisors and worked in different groups. Walsh's Vivian Nino had a project job title of project administrator and worked in the Business Management group, and Skanska Civil's Gabrielle Codispoti had the project title of Cost Engineer in the Project Controls group. In contrast, Named Plaintiff Allison Navar was a Claims Coordinator in the Commercial Management group, while Camille Robertson was a Document Control Manager and Director in Document Controls. The named Plaintiffs' roles were thus different from the Opt-Ins'.

In short, Defendants request a conference for the Court's guidance on the following matters:

- Whether Defendants may file motions seeking to strike opt-in plaintiffs based on their releases (including whether court approval is needed to validate the releases) and/or based on improper receipt of late, unauthorized notice to join the case;

- Whether Defendants may file motions to decertify the collective, as the Opt-In Plaintiffs are not similarly situated to named Plaintiffs, including because Defendants are not joint employers;[3] and

- If the Court allows such motions, whether the Court would prefer Defendants to address the issues separately or together in one brief. If the Court would prefer a combined brief, Defendants request an increase in the page limit from 25 to 40.

Defendants submit that it may make the most sense to first clarify whether the three opt-ins who either waived their claims or were provided an impermissible second notice can join the collective, as resolution of that issue may help avoid unnecessary discovery and refine the issues to be briefed. At the same time, we also recognize that the Court may wish to consider a comprehensive motion on all the foregoing issues. We would request that these "housekeeping" issues be addressed in the pre-motion conference.

---

[3] We note that the issue of whether Walsh and Skanska are joint employers was not resolved in the Court's August 13, 2019 Order (ECF No. 62), that resolution of that issue is highly relevant to any eventual opt-in collective that remains certified, and Defendants would also brief this issue in any decertification motion.

Hon. Lorna G. Schofield
October 2, 2020
Page 4

Respectfully,

*/s/ Benjamin D. Sandahl*

Benjamin D. Sandahl