L171NAVD

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  ALLISON NAVAR, et al.,
4            Plaintiffs,
5       v.                          18 Civ. 10476 (LGS)
6  WALSH CONSTRUCTION COMPANY II,
   LLC, et al.,
7
            Defendants.            Decision
8                                  (Via Teleconference)
   ------------------------------x
9                                  January 7, 2021
                                   10:48 a.m.
10
   Before:
11
                    HON. LORNA G. SCHOFIELD,
12
                                      District Judge
13
                       APPEARANCES
14
   JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM
15      Attorneys for Plaintiffs
   BY:  DANIEL M. KIRSCHENBAUM, ESQ.
16       DENISE A. SCHULMAN, ESQ.
         LUCAS C. BUZZARD, ESQ.
17
   KELLEY DRYE & WARREN LLP
18      Attorneys for Defendant Walsh
   BY:  MARK A. KONKEL, ESQ.
19
   LITTLER MENDELSON, P.C.
20      Attorneys for Defendants Skanska
   BY:  AMBER M. SPATARO, ESQ.
21
   KIRKLAND & ELLIS LLP
22      Attorneys for Defendants Skanska
   BY:  BENJAMIN D. SANDAHL, ESQ.
23
24
25

                SOUTHERN DISTRICT REPORTERS, P.C.

                      (212) 805-0300

1        (Case called)

2        THE DEPUTY CLERK:  The parties' appearances have been

3    noted for the record.

4        As stated earlier, recording or rebroadcasting of this

5    proceeding is prohibited.  Violation of this prohibition may

6    result in sanctions.

7        I'm also going to ask counsel to please state your

8    name before you speak, each time you speak, as we have a court

9    reporter present.

10        We're here before the Honorable Lorna G. Schofield.

11        THE COURT:  Okay.  Good morning.  As you know, we're

12    here for me to issue an oral decision on defendants' motion to

13    strike the consent of three of the potential opt-in plaintiffs

14    to join a collective under the federal Equal Pay Act that I

15    conditionally certified.

16        Defendants seek to strike opt-in plaintiffs Jill

17    Bramwell and Samantha Little on the grounds that they signed

18    severance agreements purportedly releasing any and all claims

19    against defendants.  Defendants also seek to strike a third

20    opt-in plaintiff, Carolyn Dorsett, on the grounds that she

21    consented to join the collective after receipt of a notice that

22    plaintiffs mailed her on August 26, 2020, which was after the

23    plaintiff's July 23rd deadline for sending the notice.

24        I will explain, but not to keep you in suspense, I'll

25    tell you my decision, which is that the motion is denied with

1   respect to all three opt-in plaintiffs.

2        So in evaluating the motion with respect to Ms. Little

3   and Ms. Bramwell, the first issue is whether the Skanska

4   Building and Walsh severance agreements, which contained the

5   releases, are valid.  Under New York law, releases are

6   contracts that are enforceable when "the language of [the]

7   release is clear and unambiguous."  *Booth v. 3669 Delaware,*

8   *Inc.*, 703 N.E.2d 757, 758 (1998); *accord Lee v. New Kang Suh*,

9   Inc., No. 17 Civ 9502, 2020 WL 5504309, at *2 (S.D.N.Y.

10  Sept. 11, 2020).  To be valid, a release must be "knowingly and

11  voluntarily entered into" and cannot be "the product of fraud,

12  duress or undue influence."  *Skluth v. United Merchs. & Mfrs.,*

13  *Inc.*, 559 N.E.2d 280, 282 (1st Dep't 1990); *accord Lee*, 2020 WL

14  5504309, at *2.  To set aside a release, a party must

15  demonstrate that the release does not apply to the claim at

16  issue or that there is an equitable basis to vitiate its

17  effect.  *Id.* at 107; *accord Tortomas v. Pall Corp.*, No.

18  18 Civ. 5098, 2020 WL 2933669, at *2 (E.D.N.Y. May 31, 2020).

19       If the release is otherwise enforceable, a second

20  issue is whether the nature of the claim -- here an EPA claim

21  under the FLSA -- bars enforcement of the release under the

22  circumstances.  Pursuant to *Cheeks v. Freeport Pancake House,*

23  *Inc.*, in order to settle a FLSA claim with prejudice pursuant

24  to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) -- which is

25  not the circumstance here -- parties must seek approval of the

settlement from either the Department of Labor or a federal

district court.  And *Cheeks* is at 796 F.3d 199, 206 (2d Cir.

2015).  But judicial approval is not required for all FLSA

settlements.  "The holding in *Cheeks* was limited to

Rule 41(a)(1)(A)(ii) dismissals with prejudice." *Yu v. Hasaki*

*Rest. Inc.*, 944 F.3d 395, 411 (2d Cir. 2019).

District courts have held in cases like this one that

private, out-of-court releases of FLSA claims may be valid

where the agreement is not the result of one-sided bargaining

and instead is the product of a fair bargaining process. *See,*

*e.g., Lee*, 2020 WL 5504309, at *6; and *Gaughan v. Rubenstein*,

261 F.Supp.3d 390, 402 (S.D.N.Y. 2017).  To make this

determination, courts look to:

"whether the employee had legal representation,

whether the employee was fully apprised of her rights under the

FLSA, whether the release agreement resolved a bona fide

dispute as to the employee's entitlement to wages under the

FLSA, whether the employee engaged in negotiations with her

employer, whether the employee had time to consider her

options, and whether the employee received a substantial

monetary benefit in exchange for the release of her claims."

*Lee*, 2020 WL 5504309, at *6; *see, e.g., Gorczyca v.*

*NVR, Inc.*, No. 13 Civ 6315, 2017 WL 11435971, at *3 (W.D.N.Y.

July 13, 2017); and *Gaughan*, 261 F.Supp.3d at 403.  Several

courts have declined to determine, prior discovery, whether a

1  FLSA release agreement is enforceable.  *See, e.g., Tortomas*,

2  2020 WL 2933669, at *4-5; and *Lee*, at *6.

3          So let me turn now to the application of that law to

4  the plaintiffs Ms. Little and Ms. Bramwell.

5          The motion to strike their consent to join is denied,

6  as I said.  I'm assuming, just for purposes of this analysis,

7  that the terms of the Skanska Building and Walsh severance

8  agreements are clear and unambiguous.  Nevertheless, it does

9  not appear that they are the result of a fair bargaining

10 process.  Therefore, the releases do not bar these two

11 plaintiffs from participating in the litigation.

12         First, as to Ms. Little, the circumstances the parties

13 describe suggest that she had very little bargaining power.

14 She entered into the severance agreement on the same day she

15 received the agreement; she was not advised by counsel; she did

16 not alter any of the terms of the agreement; she was unaware of

17 her right to participate in this litigation and her rights

18 under the EPA.  And during the COVID-19 pandemic, Ms. Little --

19 who did not otherwise have a new job offer or new job -- signed

20 a standard severance agreement that would provide her and did

21 provide her additional compensation.  So as a result, the

22 release in the Little severance agreement under these

23 circumstances does not warrant striking her consent to join the

24 action.

25         Similarly, the circumstances under which Ms. Bramwell

6

entered her severance agreement do not weigh in favor of
enforcing the release.  Some facts suggest that the bargaining
process was fair -- Ms. Bramwell is an attorney and, before
signing the agreement, she had received notice of her right to
join this action.  But other facts tip the scale in favor of
finding that her bargaining power was not sufficiently balanced
with her employer.  She signed a standard agreement; its
language is not tailored to address specifically her EPA claims
against defendants; she did not negotiate or alter the terms of
the agreement; she did not have a new job or a new job offer,
and she signed the agreement in order to obtain additional
compensation during this pandemic, which is, as we all know, a
period of financial hardship for many people.  These factors
are enough to find that the release in Ms. Bramwell's severance
agreement was not the product of a fair bargaining process and
does not warrant striking her consent to join.

So let me turn now to the third putative plaintiff,
which is Ms. Dorsett.  And the motion to strike her consent to
join on the ground that she consented only after plaintiffs
issued their late notice on August 26th of last year is denied.

Collective actions provide participating plaintiffs
certain benefits, including "the advantage of lower individual
costs to vindicate rights by the pooling of resources."
*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).
They also provide "judicial system benefits by efficient

1  resolution in one proceeding of common issues of law and fact

2  arising from the same alleged discriminatory activity." *Id.*

3  "[A] generous reading, in favor of those whom Congress intended

4  to benefit from the law, is [] appropriate when considering

5  issues of time limits and deadlines." *Velasquez v. Digital*

6  *Page, Inc.*, No. Civ. 11-3892, 2014 WL 6751574, at *2 (E.D.N.Y.

7  Dec. 1, 2014).

8          Defendants argue that Ms. Dorsett should be precluded

9  from participating because (1) she consented as a result of

10  plaintiff's late notice, and (2) striking Ms. Dorsett's consent

11  would arguably, as they say, serve as an appropriate sanction

12  against plaintiffs for the unauthorized issuance of the late

13  notice.  These arguments I find unpersuasive.  Defendants have

14  offered no evidence that Ms. Dorsett consented in response to

15  the August 26 notice instead of the earlier timely notice,

16  which she was also sent.  In addition, Ms. Dorsett's own

17  actions were timely.  She consented to join on September 7th of

18  2020, more than two weeks before the deadline to do so.  And

19  granting the motion striking Ms. Dorsett's consent is neither

20  in the interest of judicial efficiency nor is it equitable, as

21  it would penalize Ms. Dorsett when she's done nothing wrong.

22          So in conclusion, and for these reasons, I'm denying

23  the motion to strike.  The October 30, 2020, stay on discovery

24  pertaining to these three plaintiffs is lifted.

25          And I'll issue a very brief written order referring to

1  this proceeding and the transcript in this proceeding and put

2  it on the docket today so we have a record of my decision.

3        So I think that's everything we need to deal with in

4  this case, and I think we can move on to the next case.  So

5  thank you very much, counsel, for appearing here and your

6  patience in hearing my oral decision, and we're adjourned.

7        ALL COUNSEL:  Thank you, your Honor.

8                           o0o

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300